12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
POST STREET ASSOCIATES, a CA general partnership, Plaintiff-Appellee,
v.
James DEITZ, Defendant-Appellant,
v.
DOUGLAS BALLUFF & ASSOCIATES, INC., Cross-claim-defendant-Appellee,
Jean A. Deitz, Cross-claim-defendant-Appellant.
 No. 92-15946.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1993.*
Decided Dec. 15, 1993.
 
 Before: TANG, TROTT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James and Jean Deitz ("Deitz") and their attorney Ronald Foreman ("Foreman") appeal the district court order granting $5,818 in sanctions against them for their violation of Rule 11 of the Federal Rules of Civil Procedure. We affirm.
 
 
 3
 * We have jurisdiction in this matter because we consider the Stipulation of Dismissal, signed by the district court and filed on February 8, 1993, to be a sufficient final order. Although the notice of appeal was filed before the Stipulation of Dismissal, under Rule 4(a)(2) of the Rules of Appellate Procedure it is treated for jurisdictional purposes as if it were filed immediately after the final order. Fed.R.App.P. 4(a)(2).[1]
 
 II
 
 4
 Deitz and Foreman argue that the district court erred in granting the sanctions against them. Appellate courts apply an abuse of discretion standard in reviewing all aspects of a district court's Rule 11 determination. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). This court explained the requirements of Rule 11 in Stewart v. American Int'l Oil & Gas Co., 845 F.2d 196 (9th Cir.1988):
 
 
 5
 Under the provisions of Rule 11, when an attorney signs a pleading, he is certifying that he has read it and that to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.
 
 
 6
 Id. at 201.
 
 
 7
 Deitz's cross-complaint against Balluff was for implied or equitable indemnity. The requirements for indemnity under California law are clear. "There can be no indemnity without liability. In other words, unless the prospective indemnitor and indemnitee are jointly and severally liable to the plaintiff there is no basis for indemnity." Selma Pressure Treating Co. v. Osmose Wood Preserving Co., 221 Cal.App.3d 1601, 1612 (1990). In granting the motion for sanctions, the district court ruled that Balluff could not be liable to the plaintiff, Post Street, because he was neither a participant in the conveyance of the property to Post Street nor a former owner or operator of the site. Because there was no liability, there could be no indemnity.
 
 
 8
 Deitz does not dispute this conclusion. Instead, he argues that, although he had no right to indemnification, he did have a valid claim against Balluff for breaching his fiduciary obligations by not investigating the property and warning Deitz of the potential liability involved in selling contaminated property. Deitz argues that this breach of fiduciary duty provided the legal support necessary for his cross-complaint.
 
 
 9
 This argument fails because Deitz did not raise the fiduciary issue in his initial cross-complaint and because he made no attempt to amend the cross-complaint to allege a cause of action for breach of fiduciary duty. He does not explain why he failed to amend the complaint. While Deitz is correct in asserting that, under the Federal Rules, pleadings are to be construed liberally, this does not explain or justify his filing a pleading that was unsupported by fact or law. The district court did not abuse its discretion in determining that Deitz failed to conduct a sufficient legal inquiry and that his cross-complaint against Balluff was not supported by the law.
 
 III
 
 10
 Deitz also claims the district court abused its discretion and violated the Federal Rules of Evidence in concluding that a letter from Deborah Miller, Balluff's counsel, to Foreman contained evidence that Deitz filed the cross-complaint for an improper purpose. Both of Deitz's arguments on this issue fail. While Miller's statements during the hearing may support Deitz's claim that there was no improper purpose, Deitz has made no showing that the court abused its discretion in determining that the earlier letter constituted evidence of such an improper purpose. Furthermore, while it is plausible to argue Miller's letter was written in an effort to settle the litigation and should, therefore, be inadmissible under Rule 408 of the Federal Rules of Evidence, we conclude that the compromise negotiations did not begin until after the letter was written.[2] Thus, the letter is not covered by Rule 408. There is no showing that the district court abused its discretion in considering Miller's letter as evidence of an improper purpose.
 
 
 11
 Finally, even if we were to conclude that the district court did err in considering the letter and that, therefore, there was no evidence of improper purpose, such a conclusion would not threaten the validity of the sanction order. While the district court did mention the improper purpose, it did not rely on it in awarding the sanctions. The evidence of improper purpose was only supplemental and does not affect the legitimacy of the sanctions.
 
 IV
 
 12
 Deitz contends that the sanction award was unreasonable, arguing that if sanctions were necessary, they should have been non-monetary. While Deitz correctly states that courts have the discretion to award non-monetary sanctions, he does not even claim that the district court abused its discretion in awarding monetary sanctions in this case. We conclude the district court did not abuse its discretion in awarding $5,818 in sanctions.
 
 V
 
 13
 Balluff argues that Deitz's appeal is frivolous and requests an award of attorneys' fees and/or double costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Fed.R.App.P. 38. We conclude that while Deitz's arguments against the sanctions are not persuasive, they are not entirely frivolous either. "An appeal is considered frivolous if the result is obvious or the appellant's arguments are wholly without merit." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1417 (9th Cir.1990), cert. denied, 498 U.S. 1109 (1991). Under this definition, Deitz' appeal is not frivolous, and we decline to impose sanctions.
 
 
 14
 The district court sanction award is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We conclude additionally that we have jurisdiction under the collateral order doctrine because the sanction award must be paid "forthwith." See Riverhead Savings Bank v. National Mortgage Equity Corp., 893 F.2d 1109, 1114 (9th Cir.1990) (sanction order payable immediately is reviewable under the collateral order doctrine)
 
 
 [2]
 The discussions Miller referred to in her Declaration occurred after she wrote the letter to Foreman. There is no evidence of any compromise discussions before the letter was written, and there is no settlement offer in the letter